IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KARRIE MANUELITO and
WILTON DAVIS,

       Plaintiffs,

vs.

                                        CIV 12-1144 JCH/KBM

THE BIG "E" INCORPORATED and
NATIVE AMERICAN LOAN COMPANY,
INC., doing business as ELLIS TANNER
TRADING COMPANY,

       Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Defendants' Motion to Consolidate Pursuant to Federal Rule of Civil Procedure 42(a) *(Doc. 31)*, filed March 8, 2013.   Presiding Judge Judith C. Herrera recently referred the motion to me for proposed findings of fact and recommendations for disposition of the motion.   *See Doc. 44.*   Having reviewed the motion and briefs submitted by the parties, the Court will recommend that District Judge Herrera grant the motion and consolidate for all purposed the cases identified in the motion and in Attachment A to this document.

This action, filed on November 6, 2012, alleges that Defendant Ellis Tanner, in association with its tax preparation business, extended loans to Plaintiffs which were in violation of the Truth in Lending Act ("TILA") and in violation of the New Mexico Unfair Practices Act ("NMUPA").   By February 1, 2013, counsel of record in this case had filed another nineteen virtually identical complaints on behalf of other plaintiffs.

On February 26, 2013, I consolidated all of the cases, except those assigned to the Honorable James O. Browning, for the purposes of discovery and pretrial management. *See Doc.26 and Docs. 1 &* 2 in CIV 13-0184 KBM.   Counsel of record, who represent all defendants in each of the cases, have filed the instant motion seeking consolidation of the twenty cases for all purposes.   As the moving party, Defendants bear the burden of proving the advantages of consolidation outweigh any disadvantages.   *See Servants of Paraclete, Inc. v. Great American Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994).

The Rule governing consolidation, that is Federal Rule of Civil Procedure 42(a), provides as follows:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

As Defendants note, the cases sought to be consolidated here

> clearly involve common questions of law **and** fact, as evidenced by the virtually identical nature of the Complaints. For example, in each case the Plaintiffs:   (1) are alleged to have taken out loans with Defendants in connection with anticipated tax returns; (2) claim to have been charged one or more $10 Loan Document Fees by Defendants; (3) claim that Defendants misrepresented the Finance Charge and APR because the $10 Loan Document Fee was excluded from the calculations; and (4) claim that Defendants misrepresented that the Plaintiffs' loans were unsecured when they were actually secured.   *See Doc 2*, ¶¶ 1, 18.   Plaintiffs in each case also claim, for example, that the fees owed to a separate tax preparation company should be included as part of the Finance Charge, that the application fees charged in connection with applying for a loan should be included as part of the Finance Charge, that the "Ellis Tanner Super Card" failed to contain proper TILA disclosures, and that Defendants' alleged misrepresentations constitute violations of TILA, the UPA, and the "Federal Refund Act."   *See Doc. 29*.

*Doc.* 31 at 4-5 (emphasis added).   Plaintiffs do not seem to deny that consolidation

provides obvious advantages in conserving the resources of both the parties and the

judiciary and would promote efficient administration of the cases.   *See Doc. 39*.

   Rather, Plaintiffs contend that a consolidation decision is premature because the

benefits of consolidation could be more fully addressed after the discovery process.   The

Court, however, believes that delaying such a decision could defeat many of the

advantages that an early consolidation could provide.   Indeed, preliminary issues of law

might need to be addressed by all seven of the currently assigned presiding judges in

these cases, and potential inconsistent rulings are always possible.   The Court is also

convinced the parties would incur additional unnecessary costs in the absence of

consolidation.

   Having further "weigh[ed] the interests of judicial convenience in consolidating the

cases against the delay, confusion, and prejudice consolidation might cause," *Servants of

Paraclete, Inc.* 866 F. Supp. at 1572, I am persuaded that consolidation would not

prejudice the plaintiffs.   They are concerned that the burdens of Judge Herrera's docket

"will seriously delay rulings on the merits of this case."   *Doc.* 39 at 3.   True, Judge

Herrera's summer docket will include a jury trial in a capital case.   The Court has every

confidence, however, that "if Judge Herrera believed that her undoubtedly substantial

workload and case schedule would deny the parties' [ ] rights under Fed. R. Civ. P. 1,"

*Doc. 41* at 3, she could transfer the consolidated case to another judge.   Alternatively, as

she has done with this motion, Judge Herrera has the option to refer dispositive motions

to a magistrate judge for the preparation of a recommended disposition for her

3

consideration.   I agree with Defendants that speculative fears of delay should not

preclude consolidation where it is appropriate

.
Wherefore,

**IT IS HEREBY RECOMMENDED** that Defendants' Motion to Consolidate

Pursuant to Federal Rule of Civil Procedure 42(a) *(Doc. 31)* those cases identified in

Attachment A to this PFRD be **granted**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of

these Proposed Findings and Recommended Disposition they may file written objections with the

Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).   **A party must file any objections

with the Clerk of the District Court within the fourteen-day period if that party wants to

have appellate review of the proposed findings and recommended disposition. If no

objections are filed, no appellate review will be allowed.**

---

_____
UNITED STATES CHIEF MAGISTRATE JUDGE